UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

___

The Painters and Allied Trades District Council
No. 82 Health Care Fund, the International
Painters and Allied Trades Industry Pension
Fund, the Minnesota Finishing Trades Training
Fund, the Rochester Joint Apprentice &
Training Committee, the Painters and Allied
Trades District Council 82 STAR Fund, and the
National Painting, Decorating, and Drywall
Apprenticeship Committee, and their Trustees
and successors,

        Plaintiffs,  Civ. No. 10-2080 (RHK/JJK)
              **FINDINGS OF FACT,**
              **CONCLUSIONS OF LAW,**
              **AND ORDER**

v.

Marshall Painting, Inc.,
        Defendant.

___

  This matter came before the Court on Plaintiffs' Motion for Default Judgment and for an Order compelling Defendant Marshall Painting, Inc. ("Marshall Painting") to produce outstanding fringe benefit fund reports to Plaintiffs. A hearing was held on the Motion on August 26, 2010, at which the Defendant did not appear.

## **FINDINGS OF FACT**

  1.  Plaintiffs filed a Summons and Complaint in this matter on May 18, 2010.

  2.  Marshall Painting's registered agent was personally served with the Summons and Complaint on May 18, 2010.

  3.  Marshall Painting failed to file or serve any response to the Summons and Complaint.

4. The Clerk entered Marshall Painting's default on June 10, 2010.

5. Plaintiffs are Trustees and fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the International Painters and Allied Trades Industry Pension Fund, the Minnesota Finishing Trades Training Fund, the Rochester Joint Apprentice & Training Committee, the Painters and Allied Trades District Council 82 STAR Fund, and the National Painting, Decorating, and Drywall Apprenticeship Committee (the "Funds"). The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA").

6. At all material times, Marshall Painting was bound to a Collective Bargaining Agreement between the Painters and Allied Trades District Council No. 82 and the Minnesota Painting and Wallcovering Employers Association (the "Agreement").

7. The Agreement requires Marshall Painting to contribute to health and welfare, pension, and apprenticeship promotion funds in the amount specified in the Agreement for each hour worked by its employees covered by the Agreement.

8. The Agreement requires Marshall Painting to set forth the amount due and owing for contributions in a report submitted to the Funds with each monthly payment.

9. The Agreement requires Marshall Painting to submit the report and payment to the Funds by the fifteenth day of the month following the month for which the contributions are due. Any employer whose report and contributions are not postmarked by the fifteenth day of the following month is delinquent, and the employer is subject to a penalty of ten percent of the contributions as liquidated damages.

10. Marshall Painting has failed to submit the fringe fund report and contributions for the months of November 2009 through the present.

11. The Funds reasonably believe that Marshall Painting employed individuals during the months of November 2009 through the present for which contributions may be due and owing, and it continues to do so.

12. Without the reports, the Funds are unable to determine the amount owed by Marshall Painting for the months of November 2009 through the present.

13. The Agreement also provides that a delinquent employer shall be required to pay all costs of collection incurred by the Funds, including attorneys' fees, filing fees, court reporter fees, and all other fees, costs and disbursements incurred by the Funds.

## CONCLUSIONS OF LAW

1. Marshall Painting is in default and the Funds are entitled to a default judgment.

2. Marshall Painting breached the Agreement by failing to submit the fringe fund reports and contributions for the months of November 2009 through the present.

3. Marshall Painting is liable for all fringe fund contributions and liquidated damages due and owing pursuant to the reports for the months of November 2009 through the present, as well as for Plaintiffs' attorneys' fees and costs.

Based on the foregoing, **IT IS ORDERED** that:

1. Plaintiffs' Motion for Default Judgment (Doc. No. 8) is **GRANTED**.

2. Defendant is **ORDERED** to submit the fringe benefit reports for the months of November 2009 through the present that correctly identify the hours worked

by its employees pursuant to the Agreement. Defendant must submit the reports to Plaintiffs' third party administrator, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, within ten (10) days of the date on which it is served with a copy of this Order.

3. Defendant is liable to Plaintiffs for delinquent contributions and liquidated damages for the months of November 2009 through the present, as well as for Plaintiffs' reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions. After receiving the fringe benefit reports, Plaintiffs may file and serve a Motion for Entry of a Money Judgment in the amount they determine Defendant owes for delinquent contributions and liquidated damages, as well as reasonable attorneys' fees and costs. Defendant may file and serve a response to Plaintiffs' Motion within ten (10) days of service of Plaintiffs' Motion.

Dated: August 26, 2010         s/Richard H. Kyle
                               RICHARD H. KYLE
                               United States District Judge